大成 DENTONS

Sandra D. Hauser
Partner

sandra.hauser@dentons.com
D +1 212 768 6802

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
United States

大成 Salans FMC SNR Denton McKenna Long
dentons.com

# MEMO ENDORSED

January 17, 2017

The Honorable Kenneth M. Karas
United States District Court for the Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150



Re: *Taylor v. Trusted Media Brands, Inc.*, Case No. 16-cv-01812

Dear Judge Karas:

Plaintiff's Opposition to Defendant Trusted Media Brand, Inc.'s ("TMBI") request for a Pre-Motion Conference on TMBI's Motion to Amend the Scheduling Order (Doc. 57) misrepresents the bases for and the nature of TMBI's request for phased discovery, which TMBI must clarify and correct.

First, Plaintiff argues that TMBI is attempting to "deny[] Plaintiff the opportunity to gather evidence to support her burden under Rule 23 for a scheduled class certification motion in October." (Doc. 57 at 3.) TMBI's phasing request does not *deny* Plaintiff any discovery. Rather, phasing would *structure* discovery in an orderly, efficient manner by first allowing the Court to determine whether the Named Plaintiff has a viable claim, prior to burdensome class certification discovery and briefing. This approach comports with Rule 1 and Rule 23.

Second, Plaintiff asserts that TMBI has "reconsider[ed]" its position on phasing, implying that TMBI previously did not believe phasing was warranted. (*Id.* at 1.) The record reflects otherwise. In the parties' joint proposed discovery plan (Doc. 44), TMBI emphasized that "[d]iscovery in this case should begin with production of records concerning the named Plaintiff, along with general information regarding Defendant's practices as alleged in the Complaint." (*Id.* at ¶ 7(d).) TMBI also noted that further discussion of the point would be "more fruitful" after discovery requests had been propounded and answered, "so that the issues can be discussed among counsel and framed for the Court with reference to specific requests, and potentially phasing, if necessary." (*Id.*) TMBI also addressed the possibility of phasing at the conference, at which time the Court directed the parties to proceed first with discovery of the Named Plaintiff, and to keep the Court advised of developments in the *Hearst* and *Condé Nast* cases. (*See* Opening Ltr., Doc. 56.) TMBI had hoped in light of that instruction from the Court that it could reach agreement with Plaintiff without the Court's further involvement, but it is now clear that the parties are at an impasse.

Finally, Plaintiff notes that in *Hearst* and *Condé Nast,* phasing was ordered at the initial Rule 16 conferences. That misses the key point: other judges have already considered all of the substantive arguments Plaintiff raises and decided that the viability of the claim should be tested before imposing the onerous burden of class discovery on the publisher defendants. Although Plaintiff implies Judge Buchwald ordered phasing in *Condé Nast* only because it is her "style" to do so, the reality is all of Plaintiff's objections to phasing were presented to her and rejected. The identical reasons supporting phasing here are no less viable simply because a scheduling order was entered less than a month ago.

**大成 DENTONS**

The Honorable Kenneth M. Karas
January 17, 2017
Page 2

大成 Salans FMC SNR Denton McKenna Long
dentons.com

TMBI reiterates its request that Your Honor schedule a pre-motion conference to consider the contemplated Motion and/or authorize filing.

Respectfully submitted,

/s/ Sandra D. Hauser
Partner

102328744

The Court finds that phased discovery is appropriate in this case. The Court will review, and if necessary, modify the proposed schedule submitted by Defendant. The deadline for Plaintiff's Motion for Class Certification is stayed until Phase II of discovery. Plaintiff may submit a proposed preservation order by no later than January 24, 2017.

So Ordered.

KMK
1/17/17